1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

10
11
12
13
14
15

| | |
|---|---|
| RAKESH DHINGRA,<br><br>          Plaintiff,<br><br>    vs.<br><br>ELIINA BELENKIY,<br><br>          Defendant. | Case No:  C 16-06827 SBA<br><br>**ORDER DISMISSING IFP COMPLAINT AND DENYING AS MOOT PLAINTIFF'S MOTION TO ISSUE SUMMONS** |

16    Plaintiff Rakesh Dhingra ("Dhingra"), proceeding pro se and in forma pauperis

17 ("IFP"), brings the instant action against Defendant Eliina Belenkiy ("Belenkiy"), formerly

18 Eliina Keitelman.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court hereby DISMISSES the

19 complaint without prejudice.

20 I.    **BACKGROUND**

21    A.    **THE PRIOR CRIMINAL ACTION**[1]

22    In July 2000, Dhingra, who was then 40 years old, contacted a minor girl, Belenkiy,

23 using the Internet-based America Online instant messenger ("IM") service.  Over the

24 course of several days, Dhingra and the minor engaged in extensive IM conversations that

25 included sexual topics.  Belenkiy stated on multiple occasions that she was only 14 years

26 old, and Dhingra repeatedly acknowledged the minor's stated age.

27

28    [1] The parties are familiar with the facts of the prior criminal action, which are summarized herein only to the extent that they are pertinent to the instant action.

Dhingra and Belenkiy arranged to meet at a local community college on July 10, 2000. During that in-person encounter, Dhingra engaged in sexual activity with the minor in his automobile. Belenkiy reported the incident to a teacher, and then, with the teacher's urging, to local law enforcement officials. Local law enforcement officials arrested Dhingra after covertly arranging a second meeting between him and the minor.[2] On July 14, 2000, local law enforcement officials contacted the Federal Bureau of Investigations ("FBI"), including Agent Charles Esposito, to further investigate the offense.

The United States obtained an indictment against Dhingra for one count of using the internet to solicit sexual activity from a minor, in violation of 18 U.S.C. § 2422(b). Case No. 01-cr-40144-SBA, Dkt. 1 (hereafter, "Criminal Action"). A jury found Dhingra guilty of that offense, and the Court imposed a sentence of 24 months in custody and three years of supervised release. Id., Dkt. 72, 86. Upon Dhingra's appeal, the Ninth Circuit affirmed the judgment. Id., Dkt. 115.

### B.    THE PRIOR CIVIL ACTION

In July 2016, Dhingra filed suit against the United States. Case No. 16-cv-03803-SBA (hereafter, "Prior Civil Action"). In a single pleading, he brought both a civil complaint for damages and a petition for writ of error coram nobis. Pet. & Compl., Dkt. 1.

In the Prior Civil Action, Dhingra alleged that the "purported minor" victim of his criminal offense—Belenkiy—was actually an adult and an "undercover FBI Agent/Informer." Id. ¶ 8. He alleged that FBI Agent Chuck Esposito "sent a baby faced adult" to meet him on July 10, 2000, as part of a "cyber squad operation . . . to catch persons who had been actively looking for illegal sexual conduct with minors." Id. ¶¶ 5, 12. Dhingra further alleged that the FBI changed this agent's "identity to a minor under the witness protection program in order to make a false arrest, falsely prosecute and falsely convict and imprison [him]." Id. ¶ 13. According to Dhingra, the FBI also confiscated his computer on the pretext of a lawful arrest; fabricated evidence against him regarding this

---

[2] Dhingra alleges that he was arrested for sexual assault and rape of a minor, but was not subsequently charged or prosecuted for those offenses. Compl. ¶ 15, Dkt. 1.

"fictitious minor"; comitted perjury by presenting this fiction to the jury at his trial; and "caus[ed] libel, slander, and severe emotional distress" as a result of his false prosecution and conviction. Id. ¶¶ 18, 22, 30-31, 36-37, 39.

Based on the foregoing, Dhingra alleged causes of action for: (1) False Arrest and False Imprisonment on a Fictitious Federal Indictment; (2) Conspiracy with Local Law Authorities for False Arrest of Plaintiff on Fictitious Probable Cause; (3) Unlawful Confiscation of Plaintiff's Personal Property; (4) Deceit by Fabrication of Evidence in the Federal Court and Lying to the Jury; (5) Fraud by Obstruction of Justice and Perjury in a Federal Court; (6) Defamation, Libel and Slander; and (7) Intentional Infliction of Emotional Distress. Dhingra also moved to vacate his criminal conviction by way of a petition for writ of error coram nobis. He prayed for compensatory damages in excess of $35 million, punitive and exemplary damages, and an order overturning his criminal conviction, among other things.

On September 27, 2016, the Court issued an order dismissing the Prior Civil Action and denying as moot Dhingra's application to proceed IFP. Dkt. 6. On October 14, 2016, Dhingra filed a motion for reconsideration, Dkt. 7, which the Court promptly denied, Dkt. 8. On November 28, 2016, Dhingra filed a notice of appeal. Dkt. 9. That appeal is pending before the Ninth Circuit. Case No. 16-17198.

C.    THE INSTANT ACTION

On November 28, 2016, Dhingra filed the instant action against Belenkiy. Compl., Dkt. 1. Dhingra's allegations are nearly identical to those set forth in the Prior Civil Action. Specifically, Dhingra alleges that FBI Agent Chuck Esposito was running a "cyber squad operation" and "using FBI Agent/Informer . . . Eliina Belenkiy, an adult with baby faced appearance as bait to catch person who had been actively looking for illegal sexual contact with minors." Id. ¶ 5. Dhingra further alleges that the "adult person pretending to be a minor . . . had a changed identify under FBI witness protection program claiming to be almost 15 years old as per FBI report . . . ." Id. ¶ 10. According to Dhingra, the FBI "changed [Belenkiy's] identity to a minor under the witness protection program in order to

make a false arrest, falsely prosecute and falsely convict and imprison [him]."  Id. ¶ 13. Dhingra further alleges that Belenkiy fabricated evidence against him regarding this "fictitious minor"; committed perjury by presenting this fiction to the jury at his trial; committed "libel, slander and defamation" by depicting him as "a rapist and pedophile"; and caused him emotional distress.  Id. ¶¶ 13, 17-18, 21, 23.

Dhingra alleges causes of action for: (1) Deceit by Fabrication of Evidence in the Federal Court and Lying to the Jury; (2) Fraud by Obstruction of Justice and Perjury in a Federal Court; (3) Defamation, Libel and Slander; and (4) Intentional Infliction of Emotional Distress.  These are identical to four of the seven causes of action raised in the Prior Civil Action.  Dhingra prays for compensatory damages in excess of $3 million, punitive and exemplary damages, and an order overturning his criminal conviction.[3]

Magistrate Judge Laurel Beeler ("Magistrate") initially presided over the instant action.  On November 30, 2016, the Magistrate granted Dhingra's application to proceed IFP based on his financial condition.  Dkt. 5.  However, the Magistrate indicated that the Court would "determine the issuance of summons and service separately."  Id.  Thereafter, the instant action was related to the Criminal Action and the Prior Civil Action, and reassigned to this Court.  Dkt. 8.  On February 21, 2017, Dhingra filed a Demand for Issuance of Summons and Service to Defendant.  Dkt. 11.  On February 24, 2017, he also filed a nearly identical Motion to Issue Summons to Defendant.  Dkt. 12.

## II.    LEGAL STANDARD

A court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay.  28 U.S.C. §1915(a)(1).  The Court "shall dismiss" such an action, however, if it determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

---

[3] Although Dhingra prays for an order overturning his conviction, he did not file a petition for writ of error coram nobis in the instant action.

## III.   <u>DISCUSSION</u>

As discussed above, the instant action is nearly identical to the Prior Civil Action, except that Dhingra names Belenkiy (not the United States) as defendant and omits his claims for false arrest/false imprisonment, conspiracy for false arrest, and unlawful confiscation of property.  For reasons similar to those set forth in the Court's order dismissing the Prior Civil Action, the instant action is likewise defective.

Construed with the utmost liberality, Dhingra's complaint potentially raises claims under <u>Bivens</u> and/or the Federal Tort Claims Act ("FTCA").[4]  These claims are frivolous. <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)) ("A complaint 'is frivolous where it lacks an arguable basis in either law or in fact.'").  As a threshold matter, although a <u>Bivens</u> claim will lie against a federal defendant in his or her individual capacity, the FTCA authorizes claims for money damages against the United States for injuries arising out of its employees' tortious acts.  28 U.S.C. §§ 1346(b), 2671-2680.  The FTCA is "the exclusive remedy" for such tort actions, "and it only allows claims against the United States."  <u>FDIC v. Craft</u>, 157 F.3d 697, 706 (9th Cir. 1998).  Thus, insofar as Dhingra alleges tort claims (e.g., fraud, defamation, libel, slander, and/or intentional infliction of emotional distress) under the FTCA against Belenkiy, such claims are subject to dismissal.

Furthermore, setting aside any other defects in Dhingra's claims, they are barred by the principles enunciated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the Supreme Court held that a plaintiff bringing suit under 42 U.S.C. § 1983 cannot recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would necessarily imply the invalidity of a prior criminal conviction, unless that conviction had already been reversed, expunged, or otherwise

---

[4] <u>Bivens v. Six Unknown Named Agents of the Bureau of Narcotics</u>, 403 U.S. 388 (1971), authorizes money damages claims against individual federal officials for constitutional violations.  <u>See</u> <u>W. Radio Servs. Co. v. U.S. Forest Serv.</u>, 578 F.3d 1116, 1122 (9th Cir. 2009).  The FTCA authorizes claims for money damages against the United States for injuries arising out of its employees' tortious acts.  28 U.S.C. §§ 1346(b), 2671-2680; <u>see also</u> <u>Cervantes v. United States</u>, 330 F.3d 1186, 1188 (9th Cir. 2003).

declared invalid.  Id. at 486-87.  The Heck bar also applies to Bivens and FTCA claims.
See Martin, 88 F.3d at 775 (applying rationale of Heck to Bivens claims); Erlin v. United
States, 364 F.3d 1127, 1132 (9th Cir. 2004) (applying rationale of Heck to FTCA claims).

Here, although Dhingra attempts to articulate his claims as a variety of constitutional
violations and/or torts, his claims all hinge upon the allegation that his arrest, prosecution,
and conviction were fraudulent in light of the purported fiction that the victim of his
offense was a minor.  Because a "judgment in favor of [Dhingra] would necessarily imply
the invalidity of his conviction," which has not been vacated or set aside, his civil
complaint must be dismissed.  Heck, 512 U.S. at 486-87; see, e.g., Francis v. United States,
No. 07-6125 JSW, 2008 WL 4279692, at *7-8 (N.D. Cal. Sept. 16, 2008), aff'd, 376 F.
App'x 792 (9th Cir. 2010) (dismissing claims, including conspiracy, invasion of privacy,
libel, and intentional infliction of emotional distress, as barred by Heck).

Accordingly, the Court DISMISSES Dhingra's complaint without prejudice to
renewal when and if he succeeds in vacating his criminal conviction.  If view of the
dismissal, Dhingra's motion to issue summons is DENIED as moot.

## IV.    CONCLUSION

The Court notes that this is the second frivolous action filed by Dhingra based on the
same set of facts.  Additionally, Dhingra filed the instant action shortly after the Court
denied his motion for reconsideration and on the same day that he filed his notice of appeal
in the Prior Civil Action.  The Court warns Dhingra that such litigation abuse will not be
tolerated and may result in the imposition of sanctions and/or filing restrictions should he
persist in pursuing meritless IFP actions.  See Ringgold-Lockhart v. County of Los
Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) ("Federal courts can 'regulate the activities
of abusive litigants by imposing carefully tailored restrictions under ... appropriate
circumstances.'") (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)).

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     Dhingra's complaint is DISMISSED without prejudice.

2.      Dhingra's motion to issue summons is DENIED as moot.

3.      The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  March, 15, 2017

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge